UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER HARDING,

    Plaintiff,

v.

DELTA AIR LINES, INC.,

    Defendant.

Case No.: 24-cv-11521

Hon. Brandy R. McMillion

_____/

**DEFENDANT DELTA AIR LINES, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Defendant Delta Air Lines, Inc. ("Delta"), by and through its attorneys, Taft Stettinius & Hollister LLP, submits the following for its Answer to Plaintiff's Complaint:

## PARTIES

1. Plaintiff JENNIFER HARDING (hereinafter "Plaintiff"), is, and at all times relevant hereto, was, an individual residing at 3345 North Main Street, Racine, Wisconsin 53402.

**ANSWER:** **Delta lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.**

2. Defendant DELTA AIR LINES, INC., (hereinafter "Delta"), is, and at all relevant times hereto was, a corporation organized and existing under the laws

133503830

of the State of Delaware, with its principal place of business at 1083 Delta Boulevard, Atlanta, Georgia 30354.

**ANSWER: Admitted.**

3. Defendant DELTA AIR LINES, INC., is, and at all relevant times hereto was, an authorized foreign corporation within the State of Michigan, by virtue of having sought, and obtained, a Certificate of Authority from the Michigan Secretary of State.

**ANSWER: Delta admits only that it was and is an air carrier as defined by 49 U.S.C. §40102, and that it operates under an Air Carrier Certificate pursuant to 49 U.S.C. §§41101, *et seq.*, including at Detroit Metropolitan Wayne County Airport (DTW).**

4. The action arises from an incident that occurred on or about May 20, 2021, in the State of Michigan, in the County of Wayne, on jet bridge metal ramp at Gate A10, at Detroit International Airport (hereinafter, "The Subject Premises"), with damages greater than $25,000.

**ANSWER: Delta states that the Court has subject matter jurisdiction under 28 U.S.C. §1332 since there is complete diversity of citizenship between Plaintiff, on one hand, and Delta, on the other hand, and because Plaintiff has alleged damages in excess of $75,000; however, Delta denies any liability for such alleged damages and denies the alleged value of Plaintiff's claimed damages. In further answer, Delta states that under 28 U.S.C. §1391, venue is proper in this District because a substantial part of the events and/or omissions giving rise to the claim alleged in Plaintiff's Complaint occurred in this District and/or because Delta is otherwise subject to personal jurisdiction in this District given its systematic and continuous business activities within this District.**

## FACTS

5. On or before May 20, 2021, Defendant Delta maintained and operated the jet bridges, jet bridge ramps and jetways at the Subject Premises.

**ANSWER: Denied for the reason that the allegations state legal conclusions and not allegations of fact and/or allegations that mischaracterize the duty, to which no response is required. However, to the extent any duty was owed by Delta, none was breached.**

6. On May 20, 2021, at or around 3:30 PM, Plaintiff, a guest of Defendant, tripped and fell on the jet bridge metal ramp as she was in the process of disembarking the plane at Gate A 10, maintained by Defendant.

**ANSWER: Delta lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.**

7. Upon information and belief, the jet bridge, jet bridge metal ramp, and jetway are operated, controlled, supervised, maintained, adjusted and set by Defendant and/or its agents or employees.

**ANSWER: Denied for the reason that the allegations state legal conclusions and not allegations of fact and/or allegations that mischaracterize the duty, to which no response is required. However, to the extent any duty was owed by Delta, none was breached.**

8. Defendant Delta did negligently and carelessly fail to properly adjust the height of the jet, bridge and jet bridge metal ramp that is used to connect the jet bridge to the jetway. resulting in the uneven floor between the jet bridge metal ramp and the jetway, causing significant gap that consequently led to Plaintiff's fall (hereinafter the "Subject Incident").

133503830

**ANSWER: Denied.**

9. As a result of the Subject Incident, Plaintiff suffered serious and significant personal and bodily injuries.

**ANSWER: Denied.**

10. As a result of the Subject Incident, Plaintiff did require significant medical treatment, did lose significant wages, and did suffer serious and severe personal and bodily injuries, all of which are believed to permanent in nature, and has endured significant pain and suffering.

**ANSWER: Denied.**

## FIRST CAIISE OF ACTION
## NEGLIGENCE OF DEFENDANT DELTA

11. Plaintiff repeats, realleges, and incorporates herein all of the preceding paragraphs of this Complaint, with the same force and effect as if each were fully set forth herein.

**ANSWER: Delta incorporates by reference its answers to paragraphs 1 through 10 as if fully restated herein.**

12. Defendant Delta had a duty: to place and operate the jet bridge and jet bridge ramp properly; to align the jet bridge, via the metal ramp, level with the jetway; and to create a safe, even walking surface for its patrons.

**ANSWER: Denied for the reason that the allegations state legal conclusions and not allegations of fact and/or allegations that mischaracterize the duty, to which no response is required. However, to the extent any duty was owed by Delta, none was breached.**

133503830

13. Defendant Delta owed the foregoing duties to the public, generally, and owed these duties the Plaintiff, specifically.

**ANSWER: Denied for the reason that the allegations state legal conclusions and not allegations of fact and/or allegations that mischaracterize the duty, to which no response is required. However, to the extent any duty was owed by Delta, none was breached.**

14. Defendant Delta breached the foregoing duties by, *inter alia*: negligently and carelessly failing to inspect the area in question; negligently and carelessly placing / setting / adjusting the jet bridge/jet bridge metal ramp and jetway; negligently failing to properly align the jet bridge metal ramp with the jetway; failing to observe, detect, and remediate the uneven floor; failing to warn Plaintiff of the dangerous conditions; and breaching its duties to Plaintiff in other ways to be proven at the time of trial.

**ANSWER: Denied.**

15. As a direct and proximate consequence of the foregoing breaches, Defendant Delta did cause significant damage to Plaintiff, with no fault of Plaintiff contributing thereto.

**ANSWER: Denied.**

16. By reason of the negligence of Defendant, as aforesaid, Plaintiff sustained serious and permanent injury and disability with accompanying pain and suffering, was rendered sick, sore, lame, and disabled, was and will be

133503830

incapacitated for some time to come, required medical aid and attention in the past, and will require continuing medical treatment, suffered physical pain and mental anguish, will continue to suffer pain for a considerable time to come.

**ANSWER: Denied.**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

  i. For compensatory damages, in an amount to be proven at trial, which amount exceeds the jurisdictional threshold of all lower courts that might otherwise have jurisdiction;

  ii. For pre-judgment interest on such sum at the legal rate, accruing from the date of the subject incident on or about May 20, 2021;

  iii. For costs of suit incurred herein; and

  iv. For such other and further relief as the Court may deem just and proper.

**Answering Plaintiff's "WHEREFORE" paragraph, including subparts i.-iv., following paragraph 16, Delta denies that Plaintiff is entitled to any recovery or relief, equitable or legal, including a money judgment, whatsoever from Delta.**

**WHEREFORE, Defendant Delta Air Lines, Inc. respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and with costs, including but not limited to reasonable attorney fees to Delta as well as any other legal and equitable relief to which Delta may be entitled.**

133503830

## **AFFIRMATIVE DEFENSES**

Defendant Delta Air Lines, Inc. ("Delta"), by and through its attorneys, Taft Stettinius & Hollister LLP, submits the following for its Affirmative Defenses to Plaintiff's Complaint and states:

1.  Failure to state a claim: Plaintiff's Complaint should be dismissed in whole or in part due to Plaintiff's failure to state a claim or claims upon which relief can be granted, including but not limited to Plaintiff's failure to properly or adequately set forth the federal standard(s) of care as a requisite element of her claims, and Plaintiff has not otherwise set forth the federal standard(s) of care alleged to have been breached.

2.  Choice of law: Plaintiff's claim is governed by and barred in whole or in part by laws other than the laws of the State of Michigan, including but not limited to federal law and/or the laws of another state.

3.  Federal preemption: Plaintiff's claim is preempted in whole or in part by federal law, including but not limited to: the Federal Aviation Regulations, 14 C.F.R. §§1.1, *et seq.*, the Federal Aviation Act of 1958 as amended (P.L. 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §§1301, *et seq.*, now recodified and incorporated into 49 U.S.C. §§40101, *et seq.*); the Air Carrier Access Act, 49 U.S.C. §41705 and 14 C.F.R. Part 382; and/or the Airline Deregulation Act of 1978, 49 U.S.C. §41713.

4. Contract of Carriage: Plaintiff's claim is barred in whole or in part by Delta's Contract of Carriage. Additionally, with every passenger's ticket purchase, Delta provides notice of its Contract of Carriage, and the incorporation of its terms, and makes the full text of the Contract of Carriage available to passengers. The foregoing complies with any and all applicable federal common law and regulations, including but not limited to 14 C.F.R. §§253.4(a) and 253.5(a).

5. Statute of limitations/period of limitations/notice: To the extent the claim was brought after the expiration of the applicable statute of limitations, period of limitations, contractual limitations period, and/or notice period, Plaintiff's claim is barred in whole or in part.

6. Assumption of risk: Plaintiff's claim is barred in whole or in part to the extent Plaintiff assumed the risk.

7. Comparative and/or contributory negligence: Plaintiff's claim is barred in whole or in part to the extent of Plaintiff's own negligence.

8. Third party/non-party fault: Plaintiff's claim is barred in whole or in part to the extent of any fault or negligence of third parties and/or non-parties.

9. No vicarious liability: Delta cannot be held vicariously liable for the alleged negligence, acts, and/or omissions of any third parties and/or non-parties.

10. Superseding/intervening events: Plaintiff's claim is barred in whole or in part to the extent of any superseding and/or intervening events.

133503830

11. Pre-existing conditions: The extent of any result of unrelated, pre-existing, and/or subsequent conditions unrelated to Delta's alleged acts or omissions bar Plaintiff's claim in whole or in part.

12. No actual damages: Plaintiff suffered no actual damages related to Delta's alleged acts and omissions.

13. Speculative damages: Plaintiff cannot recover for her alleged damages that are speculative in nature.

14. Failure to mitigate damages: Plaintiff failed to mitigate her damages or take reasonable steps to mitigate or prevent the damages Plaintiff claims to have suffered.

15. Set-off: Delta asserts that if it is liable to Plaintiff, which liability Delta expressly denies, then Delta is entitled to a set-off for all settlements/benefits received by Plaintiff, if any.

16. Reasonable measures: Delta is not liable for Plaintiff's damages because it and its servants took all measures that could reasonably be required to avoid Plaintiff's alleged injuries and damages.

17. Condition not an unreasonable risk of harm: Plaintiff's Complaint is barred in whole or in part since the alleged facilities and/or premises at issue had no hazardous or dangerous condition alleged to have caused injury to Plaintiff, nor was it one that created an unreasonable risk of harm.

18. Lack of notice: Plaintiff's Complaint is barred in whole or in part since Delta had no notice of any hazards, risks, or liabilities associated with an alleged dangerous condition on the premises about which Plaintiff complains, nor was any alleged hazard or defect of which Plaintiff complains the nature or in existence of the duration that Delta should have known of the existence of any hazards, risks, or liabilities associated with an alleged dangerous condition.

19. Condition unknown: Plaintiff's Complaint is barred in whole or in part since any dangerous condition alleged by Plaintiff was not known to Delta, nor did reasonable inspection of the premises uncover the hazard or defect alleged by Plaintiff.

20. No special aspects: Plaintiff's Complaint is barred in whole or in part because the complained of condition presents no "special aspects" under Michigan law.

21. Open and obvious: Plaintiff's Complaint is barred in whole or in part because the complained of condition was open and obvious.

Reservation: Affirmative defenses are legal defenses, which if not stated in response to the Complaint, may be waived. Accordingly, as indicated above, Delta may modify, withdraw, and/or add affirmative defenses as information becomes available during investigation and discovery conducted hereafter.

WHEREFORE, Defendant Delta respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, with costs, including but not limited to reasonable attorney fees to Delta as well any other legal and equitable relief to which Delta may be entitled.

## **DEMAND FOR TRIAL BY JURY**

Defendant Delta Air Lines, Inc., by and through its attorneys, Taft Stettinius & Hollister LLP, hereby demands a trial by jury in the above-entitled cause on all issues so triable.

Respectfully submitted,

TAFT STETTINIUS & HOLLISTER LLP

Dated: June 14, 2024   By:   /s/ Scott R. Torpey
Scott R. Torpey (P36179)
Derek D. McLeod (P66229)
*Attorneys for Delta Air Lines, Inc.*
27777 Franklin Rd., Ste. 2500
Southfield, MI  48034-8214
(248) 351-3000
(248) 351-3082 fax
storpey@taftlaw.com
dmcleod@taftlaw.com

133503830

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2024, I electronically filed the foregoing paper with the Clerk of the Court and will send notification of such filing to:

Ms. Jennifer Harding
3345 N. Main St.
Racine, WI  53402

/s/ LaVonne G. Mick
LaVonne G. Mick

133503830